**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MILTON YOVANY VELASQUEZ HERNANDEZ,**<br><br>*Plaintiff*,<br><br>v.<br><br>**DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES,**<br><br>***Defendant.*** | **Case No. 8:25-cv-02107-JRR** |

## MEMORANDUM AND ORDER

Pending before the court is Defendant U.S. Citizenship and Immigration Services' ("USCIS") Motion to Dismiss at ECF No. 15 (the "Motion"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

### I. Background

Plaintiff Milton Yovany Velasquez Hernandez initiated this action seeking adjudication of his I-918 Petition for U Nonimmigrant Status ("I-918 Petition") and I-765 Application for Employment Authorization ("I-765 Application").[1] (ECF No. 1 ¶¶ 10–16.) Specifically, Plaintiff asks this court to order USCIS to issue its decision or, alternatively, declare that USCIS' refusal to make its decision is unlawful. *Id.* ¶¶ 128–130. On February 26, 2026, USCIS denied both Plaintiff's I-918 Petition and I-765 Application. (ECF No. 15-2.)[2]

---

[1] This court is mindful of its obligation to construe liberally the pleadings of self-represented litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] As discussed at greater length below, the court may consider matters outside the pleadings in adjudicating Defendant's factual challenge to this court's jurisdiction.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) concerns dismissals for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Subject matter jurisdiction challenges may proceed in two ways: "either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Mayor & City Council of Baltimore v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same). Conversely, in a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "In that circumstance, the court 'may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)). "The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 176 (D. Md. 2019) (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)).

## III. Analysis

"Federal courts have no power to hear moot cases." *Adams Outdoor Advert. Ltd. P'ship v. Beaufort Cnty.*, 105 F.4th 554, 564 (4th Cir. 2024) (quoting *Brooks v. Vassar*, 462 F.3d 341, 348

(4th Cir. 2006)). "[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008)). "A case or controversy dissipates when it becomes moot; that is 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Lancaster v. Sec'y of Navy*, 109 F.4th 283, 288–89 (4th Cir. 2024) (quoting *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013)). The requirement that a party possess a cognizable interest in the outcome of the action to bring suit "extend[s] past the filing of the complaint,"—"an actual controversy" is required "at all stages of review." *Jonathan R. by Dixon v. Justice*, 41 F.4th 316, 325 (4th Cir. 2022) (quoting *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997)). "Generally speaking, one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (alteration in original) (quoting *Friedman's, Inc. v. Dunlap,* 290 F.3d 191, 197 (4th Cir. 2002)).

Inasmuch as Plaintiff's I-918 Petition and I-765 Application have now been adjudicated, and Plaintiff has thus received the relief he sought to obtain through this action, his claims are now moot because no live issue exists.[3] *See Marino v. Jaddou*, No. 3:24-CV-67-MOC, 2024 WL 3659311, at *2 (W.D.N.C. Aug. 5, 2024) (dismissing as moot plaintiffs' claims that USCIS improperly withheld action on their I-918 and I-765 petitions where "USCIS mooted those claims by resolving the petitions in Plaintiffs' favor"); *Garcia Martinez v. Johnson*, No. CV TDC-16-0325, 2016 WL 4120446, at *1 (D. Md. Aug. 1, 2016) (noting plaintiff's action to adjudicate his

[3] The court also observes that in failing to respond to the instant Motion, Plaintiff concedes the point. *See Straubmuller v. Jetblue Airways Corp.*, No. CV DKC 23-384, 2023 WL 5671615, at *5 n.5 (D. Md. Sept. 1, 2023); *Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010).

I-485 application was moot where defendants had done so and he had received the relief sought in his complaint). *See also Ramizi v. Blinken*, 745 F. Supp. 3d 244, 254 (E.D.N.C. 2024), *appeal dismissed,* No. 24-2008, 2024 WL 5509498 (4th Cir. Dec. 9, 2024) (dismissing as moot the claim of one plaintiff whose visa was issued because she received the relief she sought in the complaint); *Liu v. Schiltgen*, 120 F. App'x 65, 67 (9th Cir. 2005) (noting plaintiff's "claim of agency inaction is moot because the [defendant] reached a final determination on his I-485 application while [his] action was pending in district court and we can no longer grant effective relief"). Plaintiff's Complaint must therefore be dismissed.

## IV. Conclusion and Order

Accordingly, for the reasons set forth herein, it is this 29th day of October 2026,

**ORDERED** that Defendant's Motion to Dismiss (ECF No. 15) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that the Complaint (ECF No. 1) shall be, and is hereby, **DISMISSED without prejudice**.

Madam Clerk shall transmit a copy of this Memorandum and Order to Plaintiff and **CLOSE** this case.

/S/
_______________________________
Julie R. Rubin
United States District Judge